524-0679 People v. Strickland Arguing for the appellant is Jasmine Navi Arguing for the affilee is Max Booth Each side will have 10 minutes for their argument The appellant will also have 5 minutes for rebuttal Please note, only the clerk of the court is permitted to record these proceedings today Good morning, counsel Mr. Booth, you're double duty today, huh? Yes, good morning, lucky me All right, is it Navi? Navi, Navi, Navi All right, that's Navi, okay You represent the appellant in this case? I do, Your Honor All right, you may proceed when you're ready Thank you very much Your Honors, this case represents a tri-part ineffective assistance of counsel claim that is fully spread of record It relates to the recorded interrogation video of Mr. Strickland A redacted copy was introduced to Mr. Strickland's jury It contained numerous problematic information within it Beyond repeated admissions to touching the complainant's sex organs It included admission by him that he was not acting accidentally And not surprisingly, the prosecutor capitalized on that in closing arguments As defeating his defense It also contained a lot of irrelevant material that was unrelated to the incident but highly prejudicial Finally, it contained improperly admitted opinion statements by the officers Regarding the complainant's credibility and his propensity The two of the ineffective assistance of counsel claims relate to a failure to file a suppression motion The state in large measure does not contest the merits of that motion What it does reply to is say that the argument that this That counsel made a strategic decision to introduce that redacted ERI in lieu of presenting his testimony That brings us to the third ineffective assistance of counsel claim that I'd like to focus my time on today Because that one assumes the admissibility even the desirability of introducing a statement And yet contests counsel's representation At a post-trial hearing, counsel explained that he did not believe his client could withstand Examination by the prosecutor and wanted to present a redacted ERI To present his client's accident theory to the jury in his own words That was unsound strategy, however I'll leave it to my briefs on that unless you have other questions Even if this court finds that that was a sound strategy This court should find counsel ineffective because he failed to seek additional redactions of improper material He failed to request a limiting instruction that would have Contextualized the officer's improperly admitted opinion statements And the prosecutor was allowed to compound the error during Sergeant Nyman's direct examination Essentially present Sergeant Nyman as the human lie detector That he claimed to be in the video statements I'm going to discuss each in turn First, with respect to the redactions Prior to trial, counsel filed a motion which identified some statements which were problematic But that only related to the first hour and a half of the interrogation video It did not discuss Sergeant Nyman's interrogation at all And did not seek exclusion of various information Allegations of other crimes evidence, dysfunctional family life It also did not seek to exclude anything about Mr. Strickland's past victimization As a child sex victim, which the interrogators discussed at length And as I said, they espoused their opinions as to him having a propensity based upon that revelation That is objectively unsound But that brings me to my next point, the limiting instruction Counsel, at the very least, even if you wanted to introduce The minimization techniques or such to explain why Adam confessed He should have included within that a limiting instruction Which would have advised the jury that this was not truthful Not necessarily truthful, not substantive evidence Without it, the jury was left to consider the officer's opinions as to OS's credibility Adam's incredibility at their statements that he likely had other victims And finally, most problematically, that he had the statistical likelihood of committing these crimes And that there was other evidence out there that supported OS's credibility Rather than take any of these measures Counsel exacerbated the error during the examination of Nyman In that, Officer Nyman testified that he lied to Adam when he said OS had passed that test, that question on her test But then whatever benefit came from that recognition was immediately undid When he said he did that in order to establish OS's credibility He also testified that he told Adam about his training In order to show Adam his ability to detect deceit So in effect, the prosecutor was allowed to present Without going through Illinois rules of evidence And tendering him as an expert That was highly damaging in a close case And this brings me to the prejudice prong And this also touches on why a failure to file a motion to suppress Was objectively unsound as well The state diminishes the devastating impact of this statement It included admissions not just to one or two But repeated admissions to touching OS's breast, buttocks, vagina The lips of her vagina And inserting his finger in her vagina And then on top of that, his admission that he acted not accidentally That went against the defense at trial And not surprisingly, the jury asked to see the portions of that video And the prosecutor played it for it In addition, the defense didn't need either Adam's trial testimony Or the interrogation video There was plenty of evidence that this was an accidental touching OS, by her own admission, claimed all of the incidents happened while at horseplay Where an accidental touching is entirely likely Happened very quickly while people were around And indeed, there was clear evidence that she may have been groomed Or at least carried on an inappropriate relationship with another individual Which may have caused her to misconstrue an accidental touching As something far more nefarious So for all of those reasons, this court should find trial counsel ineffective I see I have a little more time I anticipate the state is going to argue about forfeiture And the standard of review I'll touch upon that as well Neither is a basis for this court to refuse to address This fully developed ineffective assistance of counsel claim Which the state does not dispute is spread of record Veach is controlling Illinois Supreme Court precedent And it holds that if it is fully developed A court of an appellate court can review it None of the cases that the state cites Holds that a defendant is required to litigate Or even raise at a pro se, a crankle motion All of his ineffective assistance of counsel claims In order to avoid forfeiture In fact, the crinkle procedure is developed to protect defendants Not to hurt them Finding forfeiture would hurt And would undermine the very purpose of crinkle None of the state's cases hold that As to the standard of review The Supreme Court cases upon which the state principally relies Jackson and Patrick Dealt with preliminary crinkle inquiries And don't support their position That the manifest error standard applies to a third stage To a standalone ineffective assistance of counsel claim Which it must be remembered that only two of those Were litigated at the post-trial hearing One of them is based upon the record But there's no findings of facts to defer to So a manifest error would be particularly inappropriate The bifurcated standard which Adam advocated for In his opening brief and which has been endorsed By the Illinois Supreme Court Is the proper standard of review to apply your honors And for all of those reasons, for our briefs The motion to cite additional authority Which just provides more evidence As to why particularly the third Effective assistance of counsel claims require reversal However way you look at it He received an unfair trial and needs a new trial Thank you very much If there are no questions, I will just wait for a rebuttal then Let me ask you this Can you have harmless error in this case? No, your honor It's important to note that The Illinois Supreme Court and R.C. has recognized That a videotaped statement is one of the most damaging In this case, we have extremely damaging revelations We have repeated admissions We have an admission to him saying that this was not accidental That of course was replayed by the jury By the prosecutor to the jury during closing arguments That's proof positive that this That the admission of this statement was very damaging I can't stress that enough If that was the theory, they destroyed it And there was, while there is some evidence to support The verdict in this case That is not the test for whether there was prejudice under Strickland Davila, which the state never addressed in their brief Sets that out very nicely The fact that there is evidence doesn't mean To support a verdict doesn't mean that he didn't receive a fair trial Especially where the prosecutor was able to backdoor Improperly admitted expert testimony in essence I mean the fact that they, you know Propensity to commit these crimes They repeatedly discussed his sexual abuse as a child And suggested that that made him more likely guilty than not It's hard to see how this could be harmless in any way, shape, or form Okay, thank you Justice Hackett, questions? None at this time, thank you Justice Barberis? No, thanks All right, Mr. Bruce, I will Um, Mr. Bruce, you made a reference in your brief That the defendant had violated Illinois Supreme Court Rule 341 And that the facts were slanted and did not properly cite to the record I don't want to ask you a question about that But as the presiding justice of our court I did not find that your argument was well taken And just so you know, I don't think it's necessary to recite facts In your brief that are well cited by the defendant I don't like to read all those pages So in the Fifth District, we try not to duplicate the facts section if possible So I mentioned that to you so that you can spread the word That said, Mr. Bruce, for the state, you're allowed to proceed Thank you, Your Honor May it please the court and the counsel To begin with, since defendant asserts that the evidence showed all contact was accidental Or supported that finding I'd just like to read from some of the victim's testimony Where she stated defendant would, quote, Get on top of me and put his hand in my pants, unquote And insert his finger into her vagina three or four times That he repeatedly molested her And that he, quote, pushed me up and down against his private part, unquote Just to resolve any questions about whether the evidence was ambiguous Or squirrelly However, as to the claims in this case In preparing a defense, counsel was faced with defendant's recorded admissions To vaginal contact while claiming it was accidental The victim was credible with an early ignored outcry And consistent corroborating descriptions of the underlying locations and events Including graphic inappropriate sexual contact Trial counsel developed two defenses First, that defendant's pre-existing claim of accidental and misunderstood conduct, contact And second, her acquittal from the jury's sympathy for defendant And rejection of the police questioning That strategy was reasonable And defendant does not establish prejudice in light of the evidence The people will review the standard established by the Illinois Supreme Court And focus on defendant's demonstrated capacity to waive his Miranda rights That his will was not overborne and the statements were voluntary And defendant's inability to establish prejudice The futility of argument on limiting instructions or redactions And lastly, his arguments analogizing expert testimony To begin with, for the manifest error standard of review After receiving a ruling on the merits of an ineffective assistance claim Defendant cannot pretend his crankle hearing never happened He may not ignore the Supreme Court's review and ruling on the live evidence Nor may he make a waste of judicial resources through this appeal That is as to the claims that he actually presented The court reviewed the evidence and the standard is He must establish manifest error where he has received a ruling on the merits That apply, counsel suggests that because that relates Or focuses on crankle inquiry stage where the court makes a ruling on the merits That applies doubly after the consideration of live testimony To suggest that the standard of review is less deferential After the court does the work of reviewing the evidence Submitted by the parties and additional factual matters That only the trial court is in the best position to review This court should reject that proposed standard Now, as to the ineffective assistance claim itself Trial counsel demonstrably considered and developed a strategy As to the police interview in this case Given its utility for impeachment Defendant was locked into a story that the contact was real but accidental And his denials allowed defendant to rebut the victim without taking the stand Defendant faced the victim's initial outcry years before any later statements That was ultimately ignored or rejected by the family There was a social worker, two CAC employees Who all provided evidence of the victim's statements and descriptions As well as the victim's testimony As well as her mother and father corroborating the factual events And her father expressing that it was a serious situation And her persisting in her claims nonetheless Defendant has now established that no reasonable attorney Would agree with the strategy of rebutting the basis for the bad parts of his interview While presenting the good parts of his interview The denials in the controlled area of a recording Where he was not subject to cross-examination Particularly after insisting that he did not fare well under questioning Counsel and defendant agreed alongside defendant's wife That he was not a good candidate for cross-examination That that was not a good avenue for him to go down And so counsel developed a reasonable strategy to avoid that It wasn't perfect But that's what counsel was left with He either needed to allow the statements by the victim to go Uncontradicted by his own statements Or to take the stand or to use the video He elected to use the video That was reasonable is because the waiver was intelligent And so suppression was not warranted Defendant's sidelong statement that it was harder for him to do stuff Because of an eye issue was completely undermined by his denial That there was any kind of general effect that he had to deal with Or any kind of issues with his general operation As stated in the interview And throughout the pendency of the case Including in the PSI where he denies having any kind of mental disability His desire to manufacture one on appeal Is undermined by his own statements in the trial court level Moreover, he has not developed a record to establish He has any such kind of intellectual cognitive disability As he suggests on appeal I believe that was the statement used by defendant He also engaged candidly and complexly with the interview And with his critical testimony He established he knew what was going on He knew how to handle himself He even during his critical testimony Distinguished a critical inquiry with a critical hearing Demonstrating his ability to parse legal concepts As contradicting his claim that he is generally unable to In addition, defendant's statements were voluntary His power of resistance was demonstrated by consistently Asserting that the contact was accidental That was raised early repeatedly throughout his interview And stated as in fact the last factual statement That he gave to detective sergeant Nyman Was him stating that any contact was accidental Any other undermining statements that he made Was swiftly followed by his insistence that contact was accidental So defendant had to evaluate Defense counsel had to evaluate How to handle the statements in the video The limiting instructions or redactions that defendant suggests Be done to the questioning Would not remove defendant's harmful statements That is still a problem in this case for defense counsel to evaluate And so defense counsel determined That he would undermine those statements by the police How? By asserting that the police were liars And that they overstated their position That they didn't know what they were talking about That is demonstrated by counsel's question of detective sergeant Nyman Detective Hawthorne had already established that Personality traits of the defendant were part of How the interview was conducted But it was detective sergeant Nyman that undermined Any suggestion that the jury should accept His factual averments in the interview as true He stated that he made falsehoods during the interview And providing examples including his assessment of the victim He undermined the factual underpinnings of his statements in the interview This is not defendant Pardon me This is not the detective sergeant taking a stand And telling the jury that defendant was grooming This is the detective sergeant saying Why he conducted the interview the way he did As a means of simple explanation for general questioning But that does not His attempts to gain credibility with the defendant Is what a police officer does during an interview In order to elicit information And to gather the truth That is an established basis for police interrogation The questioning and the manner of it Were explained as what he was trying to do But it did not insist that the victim Was necessarily correct And it did not insist that he was necessarily correct himself Again he said that he lied during that interview As such defense The defense did not want to limit What the jury could use the police's statements for They wanted to tell the jury that the officer's statement Meant that defendant was forced to lie And that it should use them to acquit defendant entirely Any limiting instruction would undermine that argument In addition Do you think that sometimes the argument Is based upon the ruling of the trial court That is if the court rules that this is coming in Then the defense has to respond Somehow by fashioning a defense Around what they know is coming in Part of the difference for trial strategy decisions Is for that very fact That counsel has to adapt along the way But counsel described in detail during the Krankel hearing What he was trying to do and why That he wanted the jury inflamed against the police That he wanted for the jury to use the denials If I may have some time Go ahead and finish the question Thank you It's for that reason that the standard is permissive That if a reasonable attorney could find that the strategy was appropriate Then even aside from prejudice Even aside from whether defendant would be adrift On rebutting the defendant's the victim's testimony And or facing cross-examination Even aside from those matters that the defense counsel here demonstrated Not just that he was responding to the rulings on his motions in limine Which did not fully encompass a motion to suppress But in fact his strategy was to utilize that interview Instead of damaging cross-examination Instead of having his client testify That was the basis for the strategy in this case All right Justice Hackett questions So then in your views the question Really the extent of the use of a limiting instruction Or a redaction Some of what you say may be appropriate But the remainder of the video statement May also arguably contain things that could have been redacted Without advancing these points you wish to advance Part of the issues is that defendant made numerous statements All indicating contact with the victim Before any suggestion that the questioning was inflammatory Emotional or misleading Other than saying that the defendant was a good guy Who didn't want to harm children Which doesn't like Rice's level of coercion As such particularly given the nature of these arguments About certain redactions certain limiting instructions There are a lot of statements by defendant that are still getting it And defense counsel had to determine how to respond to those statements And determined that one of the avenues Was inflaming the jury against the police Insisting that the question was improper And therefore the questioning infected Not only the answers around that But any harmful statements Counsel was trying to use the police questioning To get the jury to turn off When they hear bad things in the video Based on the police questioning that was the strategy Okay, thank you Mr. Bruce, what do you think about a police officer who says He has a certificate from the National Institute of Truth Verification Which trains individuals to become a human lie detector Do you think that's appropriate And fair play for an officer? Well, your honor Stating that he has some training in interrogation Even if a bit hyperbolized in that way Is not coercive is the people's position Because he can say that he has interviewed people before He can say that he has some training in doing so And the jury is allowed to evaluate whether or not that claim Is a claim of mystical omniscience against lies Or whether it is him trying to develop credibility And elicit information from the, in this case, defendant Okay All right, Justice Hackett, any other questions? No, thank you Justice Barberas I just have one and it's not been touched on yet There was some discussion in the briefs about this individual's disability I didn't find how that was truly relevant to much of the proceedings Just correct me if I'm wrong from your perspective Did he basically acknowledge that he understood everything That he wasn't having difficulties when he was being interrogated? That is exactly his position at the time he is waiving his Miranda rights And being read those Miranda rights He's saying I have this eye issue I'll let you know if he is told to let them know If it becomes a problem during questioning He says he will He says that it does not affect his general operation And then through his statements otherwise in the case He denies having any kind of cognitive disability Until it becomes helpful in undermining his conviction Okay, thank you Mr. Bruce, in all fairness, he indicates he was not able to read the Miranda warning, correct? Yes, he begins reading the Miranda warning within the interview He begins reading the Miranda warning And then the officer reads the rest of it aloud Otherwhere in the record But he reads the rest of it aloud Because the defendant hands him the form, as I recall And says he can't read it due to his disability I would need to review the video, your honor But the video itself shows defendant being given the form He begins reviewing the form He is able to read a portion of it But then the remainder of it is all read to him by the officer And then the officer verifies that he has understood the form Before he ever signs it If there is any indication to the officers that there's a problem The officers cure that by making sure that he understands By talking about his eye issue By reviewing how it affects him And encouraging him to let them know If it gets in the way of his questioning or is otherwise relevant But this is a defendant who was at odds with his own lawyer And needed his wife to explain what was going on Isn't that the record? What counsel described was that For specific legal concepts of criminal procedure Defendant would sometimes benefit from his wife Explaining the matter after counsel tried to explain the matter For some period of time And then his wife didn't understand it That is for specific criminal procedure issues It does not relate to the base Miranda concerns of You don't have to talk to me You can have a lawyer Those kinds of conversations Defendant shows he can understand By his own statements during the interview And by his testimony during the Krenkel hearing He can get baseline Miranda right understanding Even if he is not as sophisticated as a lawyer And even if explaining some of his confusion About how detailed criminal procedure works Requires some effort All right, thank you Justice Hackett, questions? Clarification, longer speaking about the record I think my recollection was that The defendant's attorney indicated I think it was at the Krenkel testimony In the Krenkel testimony That the motion to suppress in his judgment would have failed I don't think the court found that But the court did in its recitation Indicated that some of the basics Such as the questioning of the voluntariness and the capability But he found the defendant capable and voluntarily acted Is that correct? Your honor, I know that for the for the first point Yes, that is exactly what happened That was just a draw That was just the attorney's testimony That the attorney testified to that The circuit court specifically also found There was no reasonable probability The results would have been different And that the attorney subjected the case to meaningful adversarial testing As well as that the decision not to move to suppress Was strategic and that there was no prejudice It made specific findings on those different points But not specific as to elements of the voluntariness Of the statement from the defendant, correct? I believe it I would defer to the order at C-255 But it did make a a broad ruling As to the merits of the motion, I believe Or at minimum counsel's evaluation of it Good enough, thank you Thank you, your honor Justice Barbera All right, thank you, Mr. Bruce Mr. Nevaeh, Nevaeh, I'm sorry Roberta, you're on mute I'm sorry about that I have a number of clarifications to make I am very familiar with this record I have watched that video Justice Cates, your recollection is pretty accurate Let me go through first Justice Barbera, I want to answer your question You had asked about the Miranda warnings And the cognitive disability and such The record is very clear And this goes to the state's point The Miranda warnings, first of all Mr. Strickland spoke at length about his disability Beyond being an eye issue, in fact It does affect his reading cognition And there was great testimony about this From all three witnesses That his aniridia caused him to have difficulty Comprehending material that are read aloud The Miranda warnings were only read to him once I have re-read this I've watched the video again And I think it's fascinating They were read to him in the very beginning By Detective Hawthorne He read the first line, Adam Had great difficulty, not surprisingly And in less than 30 seconds She went through the remaining Miranda rights quickly So let me stop you there He has a responsibility to acknowledge If he has difficulty understanding it She's not supposed to discern that from nothing So he acknowledged that he understood it And she was aware of his disability And questioned him with regard to Do you understand these rights? Do you have any questions? And he says no What else is she supposed to do? Let me just correct you It's not a matter of what she's supposed to do Our question here is Whether that Miranda waiver was valid In light of his disability We're not critiquing her, per se No, and I misspoke with that Yeah, I'm not trying to critique her But to your point He indeed intimated as much He said the aniridia makes things harder for me to do But neither of the officers followed up on that But there is evidence out there That people with disabilities, in fact Have difficulties owning up to their limited knowledge But getting back to the way the Miranda warnings were read Even if you just rule out the cognitive disability In less than 30 seconds The Miranda warnings were read to him They were not repeated Before he was given that very prejudicial CVSA test The officer who handed that form I watched this again and it's very clear He refers to an unidentified form Which he says still applies Then he hands defendant a second form Which he says this is kind of like a release, if you will And he doesn't read over those rights You're right Adam doesn't request them to be read to him But again, the question is not What did Adam have to What was he required to do? But whether we have evidence of a valid Miranda waiver We just don't And as to the voluntariness I'll note, your honors Most of these states argue First of all, let me back up With the Miranda waiver The state never disputes how in any of their briefs They forfeited this How the Miranda warnings Even when they were given Were immediately erased By the use of coercive techniques By the officers telling him that he wouldn't be hurt By confessing These are There's case law and legal treatises and law reviews Which show that these are extremely coercive techniques I see my time is running And I know my counsel had plenty of time extra You don't mind I'd like to just touch on a few other points Sure, let me ask you a question quickly there Just kind of a basic I wanted to get to one of your questions actually Go ahead then, maybe you'll like it Yeah, it might be To your point As to the trial court's ruling The trial court never made a ruling of whether The motion to suppress would have been successful And then indeed the state doesn't largely dispute Whether the merits of the motion A lot of their arguments today Especially with regards to the limiting instruction Are entirely new And I'm sorry, counsel, they have been forfeited They have not been raised before But the ruling, as to your honor Was limited to trial strategy and prejudice Those are legal conclusions that are incorrect And defendant has every right to challenge those And has challenged those properly In this standalone ineffective assistance of counsel claim Then, but is that what you were getting at, Justice Hackett? I want to make sure I don't miss another question Partially, but I think you answered part of my next question My note was you're not challenging the factual determination of the trial court But the legal determination is the trial strategy prejudice Absolutely, and you're absolutely right Which is why de novo review is appropriate here Not manifest error And as to the reasonable trial strategy As I said in my opening and in my briefs Throughout all of our briefs And in this motion to cite additional authority There is no, even if you find that trial counsel Made a reasonable trial strategy decision To introduce the videotape statement It is the height of ineffectiveness Not to redact prejudicial information That did not result in any new information But which paint him in a negative light How does telling about his child's sex abuse Help him in any way, shape or form Or referring to other victims Which he vehemently denies touching It also begs the question There must be a limiting instruction Davila, Hardeman, there are cases out there There are treatises from Jones, New York On the law cited in this brief That say limiting instructions should be given Otherwise the jury is going to consider that substantively That's extremely prejudicial There is no trial strategy in this regard As to detective Nyman's statements This is all new argument by the state In their, in this, they have not answered this In their brief whatsoever It is forfeited However, Sergeant Nyman As I indicated in my opening in my briefs He only talked about lying As respect to OS's credibility Importantly, he never said he was lying When he talked about the statistical likelihood That Adam would become a sex offender That was out there as substantive evidence Absent a redaction or limiting instruction It's hard to say how, like That is the height of prejudice in this case I need to cut you off there, Miss I know that you're very You're advocating for your client in a very, very positive way Thank you But we have to cut you off in fairness So, Justice Hackett, any other questions? No, thank you Justice Barberis I have one question And that's back in the facts section Said that OS had been suspended for drawing something at school What exactly did she get suspended for drawing? There were two suspensions There was drawing of a, I think a gun or a knife Something of that sort And there was also a suspension for a man Laying on top of a woman There was Right, I knew that one But the gun and the knife That was the last one, I believe That was what caused these allegations And this is off topic at this point, I suppose But what exactly is the infraction for drawing a picture Of a gun or a knife that would result in a suspension? I don't know, Your Honor It wasn't the picture depicted her using a gun Or someone using a gun or a knife going after someone It was just a picture of a gun or a knife, right? Yes, that's the only indication we have But it certainly brought the case to the attention of the social worker And that's the context which it came out Okay, all right, thank you Thank you very much Thank you, I appreciate that Any other questions, Justice Hackett or Justice Barberis? No, thank you All right, to both of you I want to thank you for your arguments here today We will take this matter under advisement and issue an order in due course Have a great day Thank you, you as well Happy New Year Thank you, Your Honor, have a good day